(101 App. Div. 546)

RAYMOND v. SECURITY TRUST & LIFE INS. CO. et al.

(Supreme Court, Appellate Division, First Department. February 10, 1905.)

1. INSURANCE COMPANY—ILLEGAL TRANSFER OF ASSETS—ACTION TO SET ASIDE —DISMISSAL.

An action was brought by a judgment creditor of an insurer, the complaint alleging the recovery of the judgment and the return of an execution unsatisfied, the execution of a contract between the insurer, and the defendant and the delivery under the contract of certain securities to the defendant; that at the time of making the contract the insurer was insolvent, and that the contract, assignment, and transfer made in pursuance thereof were made and accepted by the defendant with the intention of giving a preference to certain creditors of the insurer; and that such transfer left the insurer insolvent, effected an entire suspension of its lawful business, and was made without the consent or knowledge of stockholders of the insurer, and in violation of their rights. Plaintiff demanded judgment that the contract and all transfers thereunder be declared void, that the defendant be directed to transfer and deliver such property to the receiver of the insurer, and to account for all the property and for other relief. Subsequently, in sequestration proceedings, a receiver of the insurer was appointed, who, on consent of the plaintiff, was made a party defendant. He interposed an answer admitting all the allegations of the complaint and demanding an affirmative judgment as prayed for in the complaint. Held, that defendant was not entitled to a dismissal of the action merely on payment into court of the amount of the plaintiff's claim, with principal and interest, and the costs and expense of the action, nor on payment into court of such sum as the court might deem just.

Appeal from Special Term, New York County.

Action by Ralph Raymond against the Security Trust & Life Insurance Company and others. From an order denying a motion for an order discontinuing and dismissing the action, the Security Trust & Life Insurance Company appeals. Affirmed.

See 89 N. Y. Supp. 753.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Alexander T. Mason, for appellant the Attorney General.

Edmund L. Mooney, for appellant Security Trust & Life Ins. Co.

Bert Hanson, for respondent receiver of American Union Life Ins. Co.

INGRAHAM, J. The action was brought by the plaintiff as a judgment creditor of the American Union Life Insurance Company. The complaint alleges the recovery of the judgment and the return of an execution unsatisfied, the execution of a contract between the American Union Life Insurance Company and the Security Trust & Life Insurance Company, a copy of which is annexed to the complaint, and the delivery under that contract of certain securities to the appellant; that at the time of the making of the contract the American Union Life Insurance Company was insolvent, and that the said contract and the assignment and transfers made in pursuance thereof were made and accepted by the appellant for the purpose and with the intention of giving a preference to certain of the creditors of the American Union Life Insurance Company over its other creditors; and that the transfer of the securities under said contract left the American Union Life Insurance Company insolvent, effected an entire suspension of its lawful business, and was made without the consent or knowledge of a large number of the stockholders of the American Union Life Insurance Company, and in violation of the rights of its stockholders. The plaintiff demanded judgment that this contract be declared null and void; that all money or securities or other property transferred in pursuance of it be declared null and void; that the Security Trust & Life Insurance Company be directed to transfer and deliver to the receiver of the American Union Life Insurance Company such property so assigned and transferred to it, and that the appellant be required to account for all such property; and for other relief. The appellants interposed their answer, demanding a dismissal of the complaint. Subsequently, in sequestration proceedings, a receiver of the American Union Life Insurance Company was appointed, who, on consent of the plaintiff, was made a party defendant. He interposed an answer admitting all the allegations of the complaint and demanding an affirmative judgment as prayed for in the complaint. A copy of this answer was served upon the appellant the Security Trust & Life Insurance Company. The action came on for trial at Special Term, and was decided in favor of the plaintiff and the defendant receiver. The receiver then served a proposed decision and judgment. Before this decision was filed or judgment entered, the appellant made a motion to discontinue and dismiss this action upon payment into court of the amount of the plaintiff's claim, with principal and interest, with the costs and expenses of the action, or upon payment into court of such sum as the court might deem just and proper. This motion was denied, and the Security Trust & Life Insurance Company appeals. The final judgment appointing the receiver is not in the record, but from the affidavit in opposition to this motion it appears that

on the 10th day of January, 1903, a judgment was entered in the Supreme Court appointing Albert B. Ovitt receiver of the defendant the Union Life Insurance Company in an action brought under sections 1784 and 1793 of the Code, which provided for the sequestration of the property of the corporation, and for a distribution thereof; that subsequently the receiver was, by consent of the plaintiff, made a party to this action, such consent having been obtained upon a statement by the attorneys for the receiver that it would be wiser to let this action be continued and make the receiver a party, rather than that he should bring a new action to obtain the same relief. The issues between the receiver, as well as those between the plaintiffs, suing on behalf of all the creditors of the corporation, and the appellant, having been brought on for trial, and having resulted in a determination in favor of the receiver, he would be entitled to have an affirmative judgment as prayed for by him, irrespective of the right of the plaintiff to continue the action. The mere payment of the plaintiff's claim would not, upon the papers presented, dispose of the right of the receiver under a judgment which sequestrates all of the property of the corporation and requires the receiver to distribute the proceeds of such property among its creditors, to obtain the property of the corporation, and to carry out the provisions of the judgment. It affirmatively appears that there is a large number of creditors of the corporation who would seem to be represented by this receiver, and who are, if the judgment to be entered hereon is correct, entitled to enforce their claims against the corporation or its property. The appellants, however, do not propose to satisfy the claim of the plaintiff in this action. They ask to dismiss the action upon payment into court of the amount of the plaintiff's claim. The action having been dismissed in face of the receiver's claim, it would not at all follow that the plaintiff could obtain that money in satisfaction of his judgment. The whole litigation has resolved itself into a question between the receiver, representing all the creditors, and the appellant. If the appellant had actually paid the judgment upon which this action, as well as the sequestration action in which the receiver was appointed, was founded, a different question would then be presented; but, as that has not been done, it is not necessary for us to determine just what right the receiver would have if the judgment had been paid. Of course, upon this appeal no opinion is expressed as to the propriety of the decision of the Special Term awarding to the receiver the judgment that he asks in his answer against the other defendants, as that question must be determined upon an appeal from either the interlocutory or final judgment.

It follows that the order appealed from must be affirmed, with $10 costs and disbursements. All concur.